# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRAVIS DONALD MICKELSON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 78513 |

FILED

SEP 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon committed because of certain actual or perceived characteristics of the victim, battery with the use of a deadly weapon committed because of certain actual or perceived characteristics of the victim, assault with a deadly weapon committed because of certain actual or perceived characteristics of the victim, and discharging a firearm into an occupied vehicle. First Judicial District Court, Carson City; James Todd Russell, Judge.

After encountering a group of Sikh men at a gas station, appellant Travis Mickelson discharged a firearm at the group's vehicle while driving and hit one of the men. Mickelson fled the scene. Soon after, the police arrested Mickelson at his home and seized his cell phone as evidence. During the arrest, the police asked Mickelson to enter his passcode into his cell phone so they could turn it on airplane mode to

20-35913

preserve the battery.[1] They did not read him his *Miranda* rights before making this request.

The State subsequently applied for and received a warrant to search his cell phone. While executing the search warrant, the State discovered that Mickelson stored recorded phone calls as files on his cell phone. In those recordings, Mickelson expressly confessed to the crimes alleged and made racial remarks about the group of men. Over Mickelson's objection, the State introduced this evidence at trial and the jury found Mickelson guilty of four felony offenses, determining that three of them were committed because of the actual or perceived race, color, religion, or national origin of the victims under NRS 193.1675. Mickelson appeals.

*Motion to suppress*

Before trial, Mickelson moved to suppress the recorded phone calls on Fourth and Fifth Amendment grounds, but the district court denied his motion. He argues that the district court erred because the officer's request for his cell phone passcode constituted interrogation and therefore triggered the required administration of *Miranda* warnings. We disagree.

The Fifth Amendment protects "compelled incriminating communications . . . that are 'testimonial' in character." *United States v. Hubbell*, 530 U.S. 27, 34 (2000). To protect a suspect's Fifth Amendment right against self-incrimination, *Miranda v. Arizona* requires officers to inform suspects of their constitutional rights before initiating custodial interrogation. 384 U.S. 436, 444 (1966). "[T]he term 'interrogation' under

---

[1]Mickelson's phone was secured with a lock-screen pattern, so instead of providing the officers with a numeric password, he unlocked it by drawing a pattern on the phone's screen with his finger.

*Miranda* refers . . . to any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (footnote omitted).

A cell phone passcode is not inherently incriminating, particularly where, as here, the phone was retrieved from the suspect's pocket and he has never disputed that it was his phone. Further, the officer here did not ask Mickelson for his passcode in order to search his phone for incriminating evidence. He was merely trying to turn Mickelson's phone on airplane mode to preserve its battery until the State received a valid search warrant. The officer's request for Mickelson's passcode therefore does not constitute an interrogation for *Miranda* purposes. Rather, providing a passcode upon request is more analogous to providing consent to a search, which is not testimonial in nature and therefore does not implicate the Fifth Amendment.[2] *See United States v. Henley*, 984 F.2d 1040, 1042 (9th Cir. 1993) ("The mere act of consenting to a search—'Yes, you may search my car'—does not incriminate a defendant . . . ."). The district court thus did not err when it denied Mickelson's motion to suppress on Fifth Amendment grounds. *See State v. Beckman*, 129 Nev. 481, 486, 305 P.3d 912, 916 (2013) (observing that, in reviewing a district court's decision regarding a motion to suppress, this court reviews findings of fact for clear error and the legal consequences of those facts de novo).

---

[2]This is especially true where, as here, a suspect draws a pattern on the phone screen instead of verbally providing a numerical password to unlock it.

Mickelson also argues that the district court erred by denying his motion to suppress because the search warrant was not sufficiently particularized, rendering it an unlawful general warrant. *See* U.S. Const. amend. IV (requiring a warrant to "particularly describ[e] the place to be searched, and the persons or things to be seized"); Nev. Const. art. 1, § 18 (mirroring the U.S. Constitution's requirement for particularity). We review his claim de novo. *See Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 618, 173 P.3d 707, 711 (2007) (providing that constitutional issues are reviewed de novo); *see also United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986) (providing that the court "review[s] de novo the district court's finding that the warrants lack sufficient particularity"). Upon such review, we conclude that the search warrant meets the Fourth Amendment's particularity requirement. The warrant expressly limited the search and seizure to *communications* and listed the specific crimes involved.[3] The attached affidavit, which was incorporated by reference in the warrant, detailed the types of communications the officers expected to find on Mickelson's cell phone and specified they were seeking evidence of phone calls Mickelson had with certain individuals regarding the events at issue. When viewed together, the warrant and supporting affidavit were sufficiently precise. *See In re Seizure of Prop. Belonging to Talk of the Town Bookstore, Inc.*, 644 F.2d 1317, 1319 (9th Cir. 1981) (holding that a warrant

---

[3]That the warrant did not specifically authorize the search and seizure of *files containing recorded phone calls* does not invalidate the warrant. When the warrant was issued, the officers did not know that Mickelson recorded his phone calls—an uncommon practice—and thus could not reasonably be expected to include a more precise description in the warrant. *See Spilotro*, 800 F.2d at 963 (requiring a more precise description only when possible).

may be construed with a supporting affidavit for purposes of the particularity requirement if the affidavit is attached to the warrant and the warrant incorporates it by reference). Further, Mickelson does not argue that anything outside the scope of the communications forming the basis for the warrant were found or seized. The district court thus did not err when it denied Mickelson's motion to suppress on Fourth Amendment grounds.

*Bifurcation*

Before trial, Mickelson moved to bifurcate the hate-crime enhancement from the guilt phase of the trial, arguing that bifurcation was mandatory under *Gonzalez v. State*, 131 Nev. 991, 366 P.3d 680 (2015). In *Gonzalez*, we held that although district courts generally have broad discretion to bifurcate portions of a trial, bifurcation is mandatory where failure to bifurcate compromises a defendant's right to a fair trial. *Id.* at 1002, 366 P.3d at 687. The district court denied Mickelson's motion, finding that *Gonzalez*, which addressed bifurcation of a gang enhancement, was not applicable.

In *Gonzalez*, the State introduced evidence that the defendant was a member of a gang that regularly commits heinous crimes. *Id.* The evidence, while statutorily admissible to prove a gang enhancement, *was not otherwise admissible* at the guilt phase of trial. *Id.* Here, however, the State introduced recorded phone calls that *were* admissible at the guilt phase of the trial, so *Gonzalez* is distinguishable. Also, the *Gonzalez* court was concerned that admitting evidence of gang membership during the guilt phase of the trial "allowed the State to tie Gonzalez to unrelated crimes committed by other members of the [gang]," making it unfairly prejudicial. *Id.* at 1003, 366 P.3d at 688. But because the State would have introduced the recorded phone calls, which relate to the crimes here charged,

regardless of whether it sought a hate-crime enhancement, admission of this evidence is not *unfairly* prejudicial. The district court thus did not err when it declined to extend *Gonzalez* here and denied Mickelson's motion for bifurcation.

*Flight instruction*

Finally, Mickelson argues that the district court improperly gave a flight instruction to the jury over his objection. "[The] district court may properly give a flight instruction if the State presents evidence of flight and the record supports the conclusion that the defendant fled with consciousness of guilt and to evade arrest." *Rosky v. State*, 121 Nev. 184, 199, 111 P.3d 690, 699-700 (2005). Because a flight instruction is potentially prejudicial, "this court carefully scrutinizes the record to determine if the evidence actually warranted the instruction." *Weber v. State*, 121 Nev. 554, 582, 119 P.3d 107, 126 (2005), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017). Here, the State presented evidence that Mickelson fled the scene, went home immediately after the shooting to "lay low," and did not immediately call the police or go to the police station to report the incident. The State also presented evidence that Mickelson was scared because the empty shell casings had his fingerprints on them. And although he called the police at one point before his arrest, he hung up without identifying himself once the dispatcher revealed that they were not looking for anyone. Accordingly, we conclude that sufficient evidence supported the instruction and the district court did not abuse its discretion in giving it. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (holding that district courts have broad discretion in settling of jury instructions which will not be disturbed absent an abuse of that discretion or judicial error).

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. James Todd Russell, District Judge
       State Public Defender/Carson City
       Attorney General/Carson City
       Carson City District Attorney
       Carson City Clerk